HUGHES, J.,
dissenting.
1 tWith respect, the majority opinion conflates the subparts of the definition of “misrepresentation” to include the requirement of a “claim” not provided by the statute.
While acknowledging that LSA-R.S. 46:438.3(C) proscribes an attempt to de *914 fraud the medical assistance programs through misrepresentation, the majority cites LSA-R.S. 46:437.3(15) defining misrepresentation as three subparts: “(1) the knowing failure to truthfully or fully disclose any information required on a claim or provider agreement; (2) the concealment of any and all information required on a claim or provider agreement; or (3) the making of a false or misleading statement to the department relative to the medical assistance programs.” Opinion at page 20 (emphasis added).
However, the definition of misrepresentation actually provides:
“Misrepresentation” means the knowing failure to truthfully or fully disclose any and all information required, or the concealment of any and all information required on a claim or a provider agreement or the |2making of a false or misleading statement to the department relative to the medical assistance programs. [Emphasis added.]
Thus the majority erroneously writes in the requirement of “a claim or provider agreement” to the “failure to truthfully or fully disclose” subpart of the definition. But the disjunctive “or” cannot be ignored; [1] the requirements of the second subpart cannot leap across the “or” to be grafted onto the first. When the majority states that “there has been no showing the defendants failed to truthfully or fully disclose or concealed any information required on a claim for payment made against medical assistance programs, or that these statements were made to the department relative to the medical assistance programs” (opinion at page 21), all three subparts of the definition are conflated to impose upon the plaintiff a burden the legislature did not.
The three subparts of the definition of misrepresentation separated by the conjunctive “or” each stand alone in accordance with the accepted legislative interpretation. To conflate the provisions of one subpart to reach a desired result with another subpart is unsupportable.
The majority further attempts to insert a non-existent “claim” requirement into LSA-R.S. 46:438.3(C) by reference to the “purpose” of the law. The majority writes: “The purpose of MAPIL is to prevent false or fraudulent claims from being presented to and paid by the medical assistance programs. Thus, there must be a causal link between the misleading marketing statement and a false or fraudulent claim for payment to a health care provider or other person to establish liability under MAPIL.” Opinion at page 21 (emphasis added).
|sThis desired result of the majority is likewise unsupported by the actual words of the law.
Louisiana Revised Statute 46:437.2 provides:
A. This Part is enacted to combat and prevent fraud and abuse committed by some health care providers participating in the medical assistance programs and by other persons and to negate the adverse effects such activities have on fiscal and programmatic integrity-
B. The legislature intends the secretary of the Department of Health and Hospitals, the attorney general, and private citizens of Louisiana to be agents of this state with the ability, authority, and resources to pursue civil monetary penalties, liquidated damages, or other rem *915 edies to protect the fiscal and programmatic integrity of the medical assistance programs from health care providers and other persons who engage in fraud, misrepresentation, abuse, or other ill practices, as set forth in this Part, to obtain payments to which these health care providers or persons are not entitled.
This broad statement of intent and purpose is much more consistent with the findings of the jury and the court of appeal that by violating federal labeling laws the defendants violated LSA-R.S. 46:438.3[2] than with the attempt by the majority to limit its application by writing into the law requirements the legislature did not.
In any event, “When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” LSA-C.C. art. 9.
One cannot seriously argue that an anti fraud and abuse statute that penalizes one who violates federal drug labeling laws to the detriment of the citizens of Louisiana presents an absurd consequence.
It is the duty of the legislature, not judges, to make the law. Judges may not like the law, they may even consider it unwise, but they have a duty to apply the law as written. Judicial re-writing of the law to achieve a desired result and overturn a jury verdict is inimical to our system of separated powers.

. Louisiana Revised Statute 1:9 provides: Unless it is otherwise clearly indicated by the context, whenever the term "or” is used in the Revised Statutes, it is used in the disjunctive and does not mean "and/or”.

. The jury determined that the defendants violated all three sections (Paragraphs (A), (B), and (Q) of LSA-R.S. 46:438.3.